UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES PRESSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALAMO INTERMEDIATE II HOLDINGS, LLC<br><br>　　　　　　　　Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff James Presson brings this action on behalf of himself, and all others similarly situated against Alamo Intermediate II Holdings, LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.　For over a year, Defendant has been nickel and diming movie goers on its website in violation of the New York State Arts and Cultural Affairs Law § 25.07(4). Whenever a movie-goer selects a ticket on the website drafthouse.com or Defendant's mobile phone application, they are quoted a fee-less price, only to be ambushed by a $1.89 "convenience fee" per ticket at checkout after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.　To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost

1

of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's film screenings in the state of New York for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to movie screenings taking place in the state of New York through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

5. This Court has personal jurisdiction over Defendant because Defendant operates theatres in the state of New York and sells tickets to movie screenings taking place in New York through its website.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and purchased a ticket to a movie showing at Defendant's theater in this District.

## PARTIES

7.  Plaintiff James Presson is an individual consumer who, at all times material hereto, was a citizen and resident of New York, New York. Plaintiff purchased a ticket to see a movie at a cinema operated by Defendant in New York, New York on October 28, 2023 through Defendant's website, https://www.drafthouse.com. The transaction flow process he viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 5 in this complaint.

8.  Defendant Alamo Intermediate II Holdings, LLC is a Delaware limited liability company with its principal place of business in Austin, Texas. Defendant operates brick and mortar cinemas throughout the United States, including dozens in the state of New York.

## **RELEVANT FACTUAL ALLEGATIONS**

9. When a movie-goer visits https://www.drafthouse.com, on the main page, he selects a movie he wishes to view in one of Defendant's theaters, including those located in New York. *See* Figure 1.



**Figure 1**

10. If a consumer clicks on one of the film titles listed, he is taken to a "Showtimes" page where he can select a theatre location, as well as showtimes. No price is displayed on this screen. *See* Figure 2.



**Figure 2**

11. After a user selects a showtime at a particular theatre, the purchase process begins. The right-side of the screen populates a map of the theatre, along with available seats, and allows consumers to hover their mouse over the seats to select where they would like to sit. While the mouse is over a particular seat, a pop-up appears showing the price of the ticket, excluding any ancillary fees. *See* Figure 3, next page.

...



**Figure 3**

12. *After* a consumer selects the seat(s) he wishes to purchase for the movie he selected, at the theatre he selected, and for the showtime he selected, a "NEXT" button appears on the lower right-hand side of the screen. *See* Figure 4. After the consumer clicks that button, he is taken to the "CHECKOUT" screen. *See* Figure 5, next page.



**Figure 4**



**Figure 5**

13. Defendant's convenience fee of $1.89 per ticket is disclosed for the first and only time on this final screen. Defendant's convenience fees can quickly add up. For a family of

7

four, Defendant tacks on an extra $7.56 at the end of the purchase process. That is roughly equivalent to the cost of a bucket of popcorn.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

14. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figure 3.

15. Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id*. at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

16.     **Nationwide Class:**  Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to any film screenings in any cinema location in the State of New York from Defendant's website or mobile phone application on or after August 29, 2022.  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

17.     **New York Subclass:**  Plaintiff also seeks to represent a subclass defined as all individuals in the state of New York who purchased electronic tickets to any film screenings in any cinema located in New York from Defendant's website or mobile phone application on or after August 29, 2022.  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

18.     Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass number in the hundreds of thousands.[1]  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

---

[1] According to the website traffic analytics company Similarweb, Defendant's website has received 6.86 million visits in the last three months, with 95.99% of the website traffic coming from the United States. *See* https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/3m?webSource=Total&key=drafthouse.com.  Approximately 5.98% of the United States population resides in the State of New York.  So assuming New Yorkers visited Defendant's website in equal proportions to other Americans, then Defendant received over 393 thousand visitors from the state of New York during this time period.  This is to say nothing of other Americans that live in surrounding states like New Jersey or Connecticut, who may also wish to purchase tickets to see films in New York City or other areas in New York State.

19. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

20. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to disclosing the total cost of their tickets, including Defendant's convenience fees, throughout the online ticket purchase process.

21. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because his interests do not conflict with the interests of the Nationwide Class and New York Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and his counsel.

22. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members. Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation

necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class and New York Subclass)**

23.   Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

24.   Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

25.   Defendant is a "operator or operator's agent of a place of entertainment," because Defendant owns, operates, or controls movie theatres, or is an agent for another business entity that owns, operates, or controls movie theatres.  "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).  "'Operator' means any person who owns, operates, or controls a place of entertainment." N.Y. Arts & Cult. Aff. Law § 25.03(5).

26. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figure 3 of this Complaint.

27. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of its tickets during the purchase process, as depicted in Figures 3-5 of this Complaint.

28. Defendant's $1.89 per ticket "convenience fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." Arts & Cult. Aff. Law § 25.07(4).

29. Plaintiff purchased a ticket on Defendant's website and was forced to pay Defendant's convenience fee. Plaintiff was harmed by paying this convenience fee, even though that convenience fee was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

30. The ticket selection and checkout flow process on Defendant's mobile phone application is substantially similar to Defendant's website, as depicted in Figures 1 through 5 of this complaint. When a consumer purchases tickets through Defendant's mobile phone application, Defendant likewise fails to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected and increases the price of the ticket.

31. On behalf of himself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* Arts & Cult. Aff. Law § 25.33.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated: January 9, 2024  **BURSOR & FISHER, P.A.**

By:    */s/ Philip L. Fraietta*
              Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*